1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   RANDALL DAVID RAY,                     Case No.  22-cv-06333-DMR

8                    Plaintiff,
                                           **ORDER ON MOTION TO DISMISS**
9          v.
                                           Re: Dkt. No. 15
10  U.S. BANK TRUST, N.A., AS TRUSTEE,
    FOR LSF10 MASTER PARTICIPATION
11  TRUST, et al.,

12                   Defendants.

13         Defendant U.S. Bank Trust, N.A., as trustee for LSF10 Master Participation Trust

14  ("LSF10"), moves to dismiss Plaintiff Randall David Ray's complaint pursuant to Federal Rule of

15  Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  [Docket

16  Nos. 15 ("Mot."), 22 ("Reply").]  Plaintiff opposes.  [Docket No. 21 ("Opp'n").]  This matter is

17  suitable for determination without oral argument.  Civ. L.R. 7-1(b).  For the following reasons,

18  LSF10's motion is granted and Plaintiff's claims against LSF10 are dismissed with leave to

19  amend.   As Caliber's motion to dismiss is substantially similar to LSF10's motion, **by May 9,**

20  **2023**, Plaintiff shall show cause in writing why Caliber's motion should not also be granted in

21  light of this order.

22  **I.      BACKGROUND**

23         Plaintiff brought this case in the Superior Court of California, County of Alameda after his

24

25  _____

26  [1] The motion to dismiss is brought only on behalf of LSF10.  Defendant Caliber Home Loans, Inc.
    ("Caliber") did not join in LSF10's motion but subsequently filed a motion to dismiss on March
27  17, 2023.  [Docket No. 29.]  Caliber's arguments seem to be substantially similar to those made by
    LSF10, except that Caliber asserts that the complaint should be dismissed due to Plaintiff's failure
    to join Lisa Mendoza as an indispensable party.  [Docket No. 29 at 9.]  Plaintiff concedes this
28  point in his opposition and submits that he will add Mendoza as a co-plaintiff should the court
    grant him leave to amend his complaint.  [Docket No. 34 at 5.]

United States District Court
Northern District of California

1  home went into foreclosure proceedings.  LSF10 subsequently removed to federal court.  [Docket

2  No.1.]  Plaintiff makes the following allegations in his complaint, all of which are taken as true for

3  purposes of this motion.[2]  Plaintiff owns real property at 22435 Moyers Street in Castro Valley

4  (the "Property").  Compl. ¶ 1.  He received title to the Property in 2004.  *Id.* ¶¶ 13-14.  On October

5  16, 2004, Plaintiff obtained a loan from Ameriquest Mortgage Company ("Ameriquest") for

6  $438,662 which was secured by a deed of trust on the Property.  *Id.* ¶ 15, Ex. C (the "deed of

7  trust").  In February 2005, Ameriquest assigned the deed of trust to CitiFinancial Mortgage

8  Company, Inc. ("Citi").  Compl. ¶ 16, Ex. D.  LSF10 received assignment of the deed of trust from

9  Citi in March 2018.  Compl. ¶ 17, Ex. E.

10  MTC Financial doing business as Trustee Corps ("Trustee Corps") recorded a notice of

11  default against the Property on February 26, 2020.  Compl. ¶ 19, Ex. G.  On May 13, 2021, a

12  notice of sale was recorded, stating a sale date of June 17, 2021.  Compl. ¶ 20, Ex. H.  The

13  trustee's deed upon sale was recorded on November 9, 2021, indicating that the Property was sold

14  to third-party Michelle Vasey for $763,600.  Compl. ¶ 21, Ex. I.

15  Plaintiff brings five claims for relief against LSF10 and Caliber: 1) wrongful foreclosure;

16  2) breach of good faith and fair dealing; 3) cancellation of instruments; 4) violations of Business

17  & Professions Code § 17200; and 5) quiet title.  LSF10 moves to dismiss.

18  **II.   LEGAL STANDARD**

19  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

20  the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

21  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

22  of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a

23  claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual

24  matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*,

25  622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009);

26

27

28  [2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

2

1   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has

2   facial plausibility when a plaintiff "pleads factual content that allows the court to draw the

3   reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

4   678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and

5   conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl.*

6   *Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

7       As a general rule, a court may not consider "any material beyond the pleadings" when

8   ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).

9   However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack*

10  *v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents

11  whose contents are alleged in a complaint and whose authenticity no party questions, but which

12  are not physically attached to the pleading," without converting a motion to dismiss under Rule

13  12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

14  1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26.  The court need not accept

15  as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr*.

16  *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

17  **III.   DISCUSSION**

18      **A.   Wrongful Foreclosure**

19      Courts have power to vacate a foreclosure sale where there has been "fraud in the

20  procurement of the foreclosure decree or where the sale has been improperly, unfairly or

21  unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow

22  it to stand would be inequitable to purchaser and parties."  *Lona v. Citibank, N.A.*, 202 Cal. App.

23  4th 89, 104 (2011).  The elements of a wrongful foreclosure claim are: "(1) the trustee or

24  mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a

25  power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not

26  always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or

27  mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured

28  indebtedness or was excused from tendering."  *Id*.

United States District Court
Northern District of California

1    LSF10 moves to dismiss this claim, arguing that Plaintiff failed to allege that the

2    September 8, 2021 foreclosure was wrongful or that he was excused from tendering the amount of

3    the loan.  Because the court finds that Plaintiff does not adequately plead the first element of a

4    wrongful foreclosure claim, it does not reach LSF10's subsequent argument.

5         Plaintiff's complaint asserted two grounds for demonstrating an illegal, fraudulent, or

6    willfully oppressive sale.  First, he alleged that the notice of default was defective because it was

7    executed by Trustee Corps even though no substitution of trustee was recorded.  Compl. ¶ 24.

8    Plaintiff now appears to abandon this theory by conceding in his opposition brief that LSF10

9    properly substituted Trustee Corps as the new trustee under the deed of trust on February 13,

10   2020.  *See* Opp'n at 4, n.2, 5; [Docket No. 15-1 (Def.'s Req. for Judicial Notice ("RJN")), Ex. 1.][3]

11        Plaintiff continues to assert that LSF10 failed to conduct the foreclosure sale in accordance

12   with the requirements of California Civil Code § 2923.5 because Caliber failed to contact him at

13   least 30 days prior to recording the notice of default.  Compl. ¶ 24.  Section 2923.5 obligates a

14   "mortgagee, beneficiary, or authorized agent" to contact a borrower by phone or in person at least

15   30 days before filing a notice of default "to assess the borrower's financial situation and explore

16   options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(2).

17        LSF10 correctly states that "[t]he only remedy provided [for a violation of section 2923.5]

18   is a postponement of the sale before it happens."  *Mabry v. Superior Court*, 185 Cal. App. 4th 208,

19   235 (2010); *see* Mot. at 5.  As other courts in this district uniformly have held, a plaintiff cannot

20   state a claim challenging the foreclosure process where a foreclosure sale has already occurred,

21   which is what happened here.  *Jara v. Aurora Loan Servs., LLC*, No. C 11-00419 LB, 2011 WL

22   6217308, at *8 (N.D. Cal. Dec. 14, 2011) (collecting cases).  Plaintiff does not address this point.

23   Section 2923.5 cannot serve as the basis for a wrongful foreclosure claim here because the

24   Property has already been sold.  Accordingly, Plaintiff's wrongful foreclosure claim is dismissed.

25   _____

26   [3] The court grants LSF10's request for judicial notice of Exhibit 1, a substitution of trustee
     recorded by the Alameda County Recorder's Office on February 21, 2020.  This exhibit is

27   judicially noticeable because the document is a matter of public record, and its authenticity is
     capable of accurate and ready determination by resort to sources whose accuracy cannot

28   reasonably be questioned.  *See* Fed. R. Evid. 201(b).  Plaintiff does not object to the court taking
     judicial notice of this exhibit.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### B.      Breach of Implied Covenant of Good Faith and Fair Dealing

Under California law, "[e]very contract imposes on each party a duty of good faith and fair dealing in each performance and its enforcement." *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 473 (N.D. Cal. 2014) (quoting *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (2012)).  To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege the following elements: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).  Courts turn to the duty of good faith to "fill gaps and qualify or limit rights and duties otherwise arising under rules of law and specific contract language." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988) (quoting Summers, The General Duty of Good Faith—Its Recognition and Conceptualization, 67 Cornell L. Rev. 810, 812 (1982)).  In evaluating an implied covenant claim, the court must consider whether a party's conduct, though not prohibited by the express terms of the contract, is "nevertheless contrary the contract's purposes and the parties' legitimate expectations." *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992).  The covenant may not be read to contradict the express terms of an agreement. *Id.* at 374.

Plaintiff asserts that LSF10 breached the implied covenant of good faith and fair dealing by not giving him credit for all payments made under the deed of trust before recording the notice of default on February 26, 2022.  Opp'n at 9 (citing Compl. ¶ 19).  According to Plaintiff, he is "unable to detail when and how the payments were misapplied" because the notice of default is "inaccurate."  Opp'n at 9.

The court agrees with LSF10 that Plaintiff's allegations in this respect are minimal and conclusory.  *See* Mot. at 5.  Plaintiff does not specify when or how any payments were misapplied during the lifespan of the loan.  Likewise, his contention that he is unable to do so because "the Notice of Default is inaccurate" lacks any factual support.  *See* Mot. at 5.  Without more, Plaintiff has failed to allege sufficient facts to support a claim for breach of the covenant of good faith and

1    fair dealing.

2        Accordingly, the claim is dismissed.

3        **C.      Cancellation of Instruments**

4        "The Court may order cancellation of an invalid written instrument that is void or

5    voidable." *Compass Bank v. Petersen,* 886 F. Supp. 2d 1186, 1194 (C.D. Cal. 2012) (citing Cal.

6    Civ. Code § 3412 *et seq.*).  "In an action for rescission or cancellation of instruments, a

7    complainant is required to do equity by restoring to the defendant any value the plaintiff received

8    from the transaction.  The rule applies although the plaintiff was induced to enter into the contract

9    by the fraudulent representations of the defendant." *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp.

10   2d 1209, 1225 (S.D. Cal. 2012) (quoting *Fleming v. Kagan,* 189 Cal. App. 2d 791, 796 (1961)).

11   "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel

12   a voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117

13   (1971); *Kimball,* 881 F. Supp. 2d at 1225 (applying tender requirement to cause of action for

14   cancellation of instruments pertaining to foreclosure process).

15       In his complaint, Plaintiff seeks to cancel the notice of default and "any and all documents

16   recorded that are reliant on [it]" because the notice of default was "not based on reliable and

17   competent evidence in violation of Civil Code § 2924.17" and a proper substitution of trustee was

18   not filed before recording the notice of default.  Compl. ¶¶ 35-37.  As noted above, Plaintiff has

19   abandoned claims related to the theory of a defective substitution of trustee.  He also appears to

20   have abandoned his section 2924.17 claim, as he makes no reference to the statute in his briefing.

21       In opposition, Plaintiff argues that the instruments should be rescinded because 1) LSF10

22   failed to give Plaintiff credit for all payments made on the deed of trust before recording the notice

23   of default, and 2) the declaration of notice under section 2923.5 is false because LSF10 failed to

24   contact Plaintiff prior to filing the notice of default.  Opp'n at 10.  As set forth above, Plaintiff's

25   first argument is conclusory and lacks factual support.  As to the second argument, the court

26   previously explained that section 2923.5 cannot serve as the basis for Plaintiff's claims because

27   the Property has already been sold.  In sum, both theories of liability fail.

28       Accordingly, Plaintiff's cancellation of instruments claim is dismissed.

### D.    Business & Professions Code § 17200

Section 17200 prohibits unfair competition, which is defined as, *inter alia,* "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. Prof. Code § 17200.  Because section 17200 "is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent...." *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).  To state a claim under the unlawful prong, a plaintiff must allege facts that show that any of a defendant's business practices—or conduct which can be characterized as a business practice—violates the law, meaning any civil or criminal, federal, state or municipal, statutory, regulatory, or court-made law.  *California v. McKale,* 25 Cal. 3d 626, 632 (1979).  Conduct is "fraudulent" if it is likely to deceive any member of the public.  *Weinstat v. Dentsply Int'l., Inc.*, 180 Cal. App. 4th 1213 n. 8 (2010).  Whether a business practice is "unfair" requires an analysis of whether (i) there exists substantial consumer injury, (ii) the injury is not outweighed by countervailing benefits to consumers or competition, and (iii) the injury was not reasonably avoidable by the consumer.  *Camacho v. Auto. Club of So. Cal.,* 142 Cal. App. 4th 1294, 1403 (2006).

In the complaint, Plaintiff alleges that LSF10 engaged in unlawful, unfair, or fraudulent business practices by 1) failing to use reliable and competent evidence when recording title documents in violation of Civil Code section 2924.17, and 2) "purposely conduct[ing] themselves to expose Plaintiff to incurring additional unnecessary fees, charges and penalties that have increased the balance owed and balance to cure default." Compl. ¶ 40.  Plaintiff asserts that he has lost his home as a result of these alleged practices.  *Id.* ¶ 41.

In opposition, Plaintiff describes additional unlawful, unfair, and fraudulent business practices.  He contends that LSF10 failed to give him credit for all payments made on the deed of trust before recording the notice of default, provided an inaccurate notice of default, violated section 2923.5, and purposely led Plaintiff to incur unnecessary fees, charges, and penalties. Opp'n at 10-11.

Before reviewing the merits of Plaintiff's claim, the court addresses whether he has standing to sue under the UCL.  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49,

United States District Court
Northern District of California

81 (2013).  To have standing, a private plaintiff must allege he or she "has suffered injury in fact and has lost money or property."  Cal. Bus. Prof. Code § 17204.  In *Kwikset Corp. v. Superior Court,* the California Supreme Court held that to satisfy the standing requirement of Section 17204, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that that economic injury was the result of, i.e., *caused by* the unfair business practice or false advertising that is the gravamen of the claim."  51 Cal. 4th 310, 322 (2011) (emphasis in original).  A UCL claim will survive a motion to dismiss based on standing if the plaintiff can plead "general factual allegations of injury resulting from the defendant's conduct."  *Id.* at 327.

LSF10 contends that Plaintiff cannot allege the threshold standing requirement because he was already in default by the time LSF10 committed the allegedly unfair or unlawful acts, and therefore any economic injury was caused by Plaintiff's default, not by any conduct of LSF10. Mot. at 8.  In *Jenkins v. JP Morgan Chase Bank, N.A.*, the plaintiff homeowner contacted the lender to request a loan modification but alleged that the lender "gave her 'the run around' for nearly two years and failed to assist her with refinancing her loan," including by advising her to cease making payments on her loan in order to qualify for a loan modification.  216 Cal. App. 4th 497, 503 (2013).  Subsequently, the plaintiff defaulted and the lender recorded a notice of trustee's sale (although the sale was postponed and did not occur).  *Id.*  The court found that the "caused by" prong of the UCL standing requirement was not met because "[i]t is ... indisputable [that] [the plaintiff's] default triggered the lawful enforcement of the power of sale clause in the deed of trust, and it was the triggering of the power of sale clause that subjected [the plaintiff's] home to nonjudicial foreclosure . . . [and the plaintiff] acknowledged her default occurred prior to the six unlawful or unfair acts she alleges as the basis of her UCL action."  *Id.* at 523.  The court upheld the trial court's demurrer to the UCL claim without leave to amend, since no amendment could cure the standing defect: "Amending the [operative complaint] to plead the previously asserted wrongful acts with more specificity will not change the fact these purported actions occurred after [the plaintiff's] default on her loan.  Likewise, amending the complaint to allege new wrongful acts, also occurring after her default, would not assist her.  Because [the plaintiff] cannot plead

8

facts that would cure the standing defect in her complaint, we conclude the court properly sustained the demurrer without leave to amend as to the third cause of action." *Id.* at 523–24.

Here, Plaintiff makes the conclusory allegation that "[a]s a result of Defendants' wrongful conduct, Plaintiff has suffered the loss of his home which is the ultimate draconian result[]." Compl. ¶ 41. However, Plaintiff does not allege that the loss of his home was caused by LSF10's conduct. Nor does Plaintiff squarely respond to LSF10's argument that "it was [his] default on the loan that caused the foreclosure; not any conduct cased by LSF10." *See* Mot. at 8. Instead, Plaintiff confusingly argues that his claim is similar to that in *Daro v. Superior Court*, 151 Cal. App. 4th 1079 (2007). He asserts that:

> The harm here was selling Plaintiff's home without adequate notices under the foreclosure process which proceeded with an inaccurate demand in the Notice of Default; the harm here also was the failure to reach out to Plaintiff to explore foreclosure alternatives before proceeding with recording the Notice of Default in violation of CC § 2923.55 *coupled with* exposing Plaintiff to incurring additional unnecessary fees, charges and penalties that have increased the balance owed and balance to cure default.

Opp'n at 11 (emphasis in original). Plaintiff does not explain how any of these claims are analogous to the claims made in *Daro*. That case involved tenants of an apartment building who alleged that their leasehold interests were threatened by the owners' noncompliance with the Subdivided Lands Act. 151 Cal. App. 4th at 1086. The court found that plaintiffs had not sufficiently alleged a causal connection between the owners' allegedly unlawful, unfair, or fraudulent conduct and the plaintiffs' economic injury, which was "illustrated by the fact that the tenants would suffer the same injury regardless of whether the owners complied with or violated the Subdivided Lands Act. Indeed, even if the owners fully complied with the trial court's injunction, the tenants would still face eviction." *Id.* at 1099. Contrary to Plaintiff's suggestion, *Daro* does not support his position. Because Plaintiff does not dispute LSF10's assertion that he defaulted on the loan or offer any other theory of causation, his allegations do not suffice to meet the standing requirement.

United States District Court
Northern District of California

9

1    Accordingly, Plaintiff's UCL claim is dismissed.[4]

2    **E.    Quiet Title**

3    "The purpose of a quiet title action 'is to finally settle and determine, as between the

4    parties, all conflicting claims to the property in controversy, and to decree to each such interest or

5    estate therein as he may be entitled to.'"  *Martinez v. America's Wholesale Lender*, No. 09-cv-

6    5630 WHA, 2010 WL 934617, at *5 (N.D. Cal. Mar. 15, 2010) (quoting *Peterson v. Gibbs,* 147

7    Cal. 1, 5 (1905)), *rev'd in part on other grounds,* 446 F. App'x 940 (9th Cir. 2011).  Quiet title

8    claims are governed by California Code of Civil Procedure section 761.020, which provides that a

9    complaint to quiet title "shall be verified," and requires the complaint to include "(a) [a]

10   description of the property that is the subject of the action . . .; (b) [t]he title of the plaintiff as to

11   which a determination . . . is sought and the basis of the title . . .; (c) [t]he adverse claims to the

12   title of the plaintiff against which a determination is sought; (d) [t]he date as of which the

13   determination is sought . . .; [and] (e) [a] prayer for the determination of the title of the plaintiff

14   against the adverse claims."  Cal. Civ. Proc. Code § 761.020.

15       Here, the Property was sold to third party Michelle Vasey at a foreclosure sale on

16   September 8, 2021 (Compl. ¶ 21); therefore, LSF10 no longer has an interest in the Property.

17   Under these circumstances, it is "obvious" Plaintiff cannot now state a quiet title claim against

18   LSF10.  *Morrow v. Wells Fargo Bank*, No. C 12-03045 LB, 2012 WL 5471133, at *5 (N.D. Cal.

19   Nov. 9, 2012) (holding that plaintiff could not state a quiet title claim because defendant did not

20   claim any interest in the subject property); *see also Santana v. BSI Fin. Servs., Inc.*, 495 F. Supp.

21   3d 926, 949 (S.D. Cal. 2020) ("Once the property has been sold in a foreclosure sale, quiet title is

22   not a viable claim to undo the foreclosure because claim to title has already been extinguished and

23   there is no adverse claim to the property." (internal quotation marks and citations omitted)).

24   Plaintiff argues that "[t]he fact that the Subject property was sold at (sic) foreclosure sale on

25   September 21, 2021, does not bar Plaintiff from filing the Quiet Title Action[,]" but he fails to cite

26

27   _____

28   [4] LSF10 also argues that Plaintiff's UCL claim fails because it is not predicated on a violation of
     another statutory or common law.  Mot. at 8.  As the court finds that Plaintiff lacks standing to
     bring a UCL claim, it does not reach the merits of Plaintiff's claim.

United States District Court
Northern District of California

any authority to support his assertion.  *See* Opp'n at 11.

Accordingly, Plaintiff's claim for quiet title is dismissed.

## IV.  CONCLUSION

LSF10's motion to dismiss is granted with leave to amend.  As Caliber's motion to dismiss is substantially similar to LSF10's motion, **by May 9, 2023**, Plaintiff shall show cause in writing why Caliber's motion should not be granted in light of this order.  If Plaintiff agrees that the motions warrant the same outcome, the court is also inclined to grant Caliber's motion with leave to amend, particularly in light of Plaintiff's concession that Lisa Mendoza must be joined as an indispensable party.  Any amended complaint must be filed by **May 31, 2023.**

**IT IS SO ORDERED.**

Dated: May 1, 2023

_____
Donna M. Ryu
Chief Magistrate Judge