UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDALL DAVID RAY,

          Plaintiff,

    v.

U.S. BANK TRUST, N.A., AS TRUSTEE, FOR LSF10 MASTER PARTICIPATION TRUST, et al.,

          Defendants.

Case No. 22-cv-06333-DMR

**ORDER ON MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. Nos. 48, 50

Defendants U.S. Bank Trust, N.A., as trustee for LSF10 Master Participation Trust ("LSF10") and Caliber Home Loans, Inc. ("Caliber") each bring a motion to dismiss Plaintiff Randall David Ray's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket Nos. 48 ("LSF10's Mot."), 50 ("Caliber's Mot."), 56 ("LSF10's Reply"), 60 ("Caliber's Reply").] Plaintiff opposes. [Docket Nos. 52 ("Opp'n to LSF10's Mot."), 57 ("Opp'n to Caliber's Mot.").] This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the following reasons, LSF10 and Caliber's motions are granted.

## I.  BACKGROUND

Plaintiff brought this case in the Superior Court of California, County of Alameda after his home went into foreclosure proceedings. LSF10 subsequently removed the case to federal court. [Docket No. 1.] The court granted LSF10 and Caliber's motions to dismiss the complaint with leave to amend on May 1 and May 11, 2023, respectively. [Docket Nos. 28, 41.] Plaintiff timely filed a first amended complaint ("FAC") on May 31, 2023. [Docket No. 46 ("FAC").]

Plaintiff makes the following allegations in his FAC, all of which are taken as true for

United States District Court
Northern District of California

purposes of this motion.[1]  Plaintiff owns real property at 22435 Moyers Street in Castro Valley (the "Property").  FAC ¶ 1.  He received title to the Property in 2004, when it was transferred to him and Lisa Mendoza by grant deed.  *Id.* ¶¶ 14-15, Ex. B (the "grant deed").  On October 16, 2004, Plaintiff obtained a loan from Ameriquest Mortgage Company ("Ameriquest") for $438,662 which was secured by a deed of trust on the Property.  *Id.* ¶ 16, Ex. C (the "deed of trust").  The trustee on the deed of trust was originally listed as Town and County Title Services, Inc.  *Id.*  In February 2005, Ameriquest assigned the deed of trust to CitiFinancial Mortgage Company, Inc. ("Citi").  *Id.* ¶ 17, Ex. D.  LSF10 subsequently received assignment from Citi in March 2018.  *Id.* ¶ 18, Ex. E.  Around May 17, 2018, Lisa Mendoza recorded a quitclaim deed of the property as a gift to Plaintiff.  *Id.* ¶ 19, Ex. F.

MTC Financial doing business as Trustee Corps ("Trustee Corps") recorded a notice of default against the Property on February 26, 2020.  FAC ¶ 19, Ex. G.  Plaintiff alleges that the declaration on the notice of default is false because Caliber, as servicer of the deed of trust, failed to contact him 30 days prior to filing the notice.  *Id.* ¶ 20.  On May 13, 2021, a notice of sale was recorded, stating a sale date of June 17, 2021.  *Id.* ¶ 21, Ex. H.  The trustee's deed upon sale was recorded on November 9, 2021, indicating that the Property was sold to third-party Michelle Vasey for $763,600.  *Id.* ¶ 22, Ex. I.

Plaintiff brings four claims for relief against LSF10 and Caliber: 1) wrongful foreclosure; 2) violation of California Civil Code § 2923.55; 3) breach of good faith and fair dealing; and 4) violation of Business & Professions Code § 17200.  LSF10 and Caliber move to dismiss.

## II.    LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

United States District Court
Northern District of California

1  claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual

2  matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*,

3  622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009);

4  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has

5  facial plausibility when a plaintiff "pleads factual content that allows the court to draw the

6  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

7  678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and

8  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

9  *Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

10        As a general rule, a court may not consider "any material beyond the pleadings" when

11  ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).

12  However, "a court may take judicial notice of 'matters of public record,'" *id.* at 689 (citing *Mack*

13  *v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents

14  whose contents are alleged in a complaint and whose authenticity no party questions, but which

15  are not physically attached to the pleading," without converting a motion to dismiss under Rule

16  12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

17  1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26.  The court need not accept

18  as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr*.

19  *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

20        Under Rule 15(a), leave to amend the pleadings before trial should be granted as a matter

21  of course, at least until the defendant files a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  After

22  that point, Rule 15(a) provides generally that leave to amend should be given "freely . . . when

23  justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme

24  liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

25  (quotation omitted).  However, leave to amend may be denied "where the amendment would be

26  futile," *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); in other words, "that the pleadings

27  could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1127

28  (9th Cir. 2000).

1    III.    DISCUSSION

2        A.    LSF10's Motion to Dismiss

3            1.    Wrongful Foreclosure

4        Courts have power to vacate a foreclosure sale where there has been "fraud in the

5    procurement of the foreclosure decree or where the sale has been improperly, unfairly or

6    unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow

7    it to stand would be inequitable to purchaser and parties." *Lona v. Citibank, N.A.*, 202 Cal. App.

8    4th 89, 104 (2011).  The elements of a wrongful foreclosure claim are: "(1) the trustee or

9    mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a

10   power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not

11   always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or

12   mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured

13   indebtedness or was excused from tendering." *Id.*

14       Plaintiff's FAC asserts one ground for demonstrating an illegal, fraudulent, or willfully

15   oppressive sale.  He alleges that the notice of default was defective because Caliber, as servicer of

16   the deed of trust, failed to contact Plaintiff 30 days prior to filing the notice.  FAC ¶ 25 (citing

17   California Civil Code § 2923.55).  In his opposition brief, Plaintiff appears to abandon this theory

18   by conceding that he cannot state a claim challenging the foreclosure process where a foreclosure

19   sale has already occurred, which is what happened here.[2]  *See* Opp'n to LSF10's Mot. at 5.

20   _____

21   [2] The court previously held that "[t]he only remedy provided [for a violation of section 2923.5] is
     a postponement of the sale before it happens."  [Docket No. 38 ("Order on LSF10's First Motion
22   to Dismiss") (citing *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010)).]  Although the
     FAC now cites to California Civil Code § 2923.55 instead of section 2923.5, *see, e.g.*, FAC ¶¶ 25,
23   26, 28, Plaintiff confusingly refers to section 2923.5 in his opposition brief.  *See, e.g.*, Opp'n to
     LSF10's Mot. at 4, 5.
24
      Regardless of which section Plaintiff intends to rely on, as LSF10 points out, courts have held that
25   the "two provisions are 'substantively similar.'"  *Warren v. PNC Bank Nat'l Ass'n*, No. 22-CV-
     07875-WHO, 2023 WL 3182952, at *4 (N.D. Cal. Apr. 30, 2023) (quoting *Billesbach v.
26   Specialized Loan Servicing LLC*, 63 Cal. App. 5th 830, 845 n.7 (2021) (noting that "[s]ection
     2923.55 generally applies only to larger mortgage servicers" while section 2923.5 "applies to
27   smaller servicers."); *see also Fagan v. Wells Fargo Bank, N.A.*, No. 17-CV-06569 NC, 2018 WL
     4378838, at *2 (N.D. Cal. Feb. 6, 2018), *report and recommendation adopted,* No. 5:17-CV-
28   06569-EJD, 2018 WL 4378763 (N.D. Cal. Feb. 22, 2018) (explaining that "the relevant due
     diligence requirements of both sections [2923.5 and 2923.55] are the same regarding conduct

United States District Court
Northern District of California

4

1    Plaintiff asserts that if he is granted leave to amend the FAC, he will "remove his reliance on Cal.

2    Civ. Code § 2923.5 (sic)" under this claim.  *Id.*  In addition, Plaintiff avers that he will allege

3    "with particularity the circumstances constituting fraud and mistake under [Federal] Rule [of Civil

4    Procedure] 9(b) standards."  *Id.*

5           In light of Plaintiff's concession, the court dismisses his claim for wrongful foreclosure.

6                          **2.      California Civil Code § 2923.55**

7           Plaintiff seeks to withdraw his claim under California Civil Code § 2923.55.  *See* Opp'n to

8    LSF10's Mot. at 7 (erroneously referring to section 2923.5).  Accordingly, Plaintiff's claim is

9    dismissed.

10                         **3.      Breach of Implied Covenant of Good Faith and Fair Dealing**

11          Under California law, "[e]very contract imposes on each party a duty of good faith and fair

12   dealing in each performance and its enforcement."  *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 473

13   (N.D. Cal. 2014) (quoting *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (2012)).  To

14   state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must

15   allege the following elements: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his

16   obligations under the contract; (3) any conditions precedent to the defendant's performance

17   occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of

18   the contract; and (5) the plaintiff was harmed by the defendant's conduct."  *Rosenfeld v.*

19   *JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).  Courts turn to the duty

20   of good faith to "fill gaps and qualify or limit rights and duties otherwise arising under rules of

21   law and specific contract language."  *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988)

22   (quoting Summers, The General Duty of Good Faith—Its Recognition and Conceptualization, 67

23   Cornell L. Rev. 810, 812 (1982)).  In evaluating an implied covenant claim, the court must

24   consider whether a party's conduct, though not prohibited by the express terms of the contract, is

25   "nevertheless contrary the contract's purposes and the parties' legitimate expectations."  *Carma*

26   *Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992).  The

27

28   _____

before recording a Notice of Default (i.e., contacting, or attempting to contact the borrower)").

United States District Court
Northern District of California

1   covenant may not be read to contradict the express terms of an agreement.  *Id.* at 374.

2          Plaintiff alleges that LSF10 breached the implied covenant of good faith and fair dealing

3   because "they did not give Plaintiff credit for all payments made under the [deed of trust]."  FAC ¶

4   36.  In its Order on LSF10's First Motion to Dismiss, the court addressed a similar assertion in

5   Plaintiff's complaint, explaining that Plaintiff's allegations were minimal and conclusory.  *See*

6   Order on LSF10's First Motion to Dismiss at 5.  In his FAC, Plaintiff now adds that "to allege the

7   exact amount that was not credited, Defendants would have to furnish an accounting of the

8   amounts that Plaintiff has paid under the Deed of Trust."  FAC ¶ 36.

9          LSF10 contends that, absent facts showing that Plaintiff tendered the amount owed, the

10  court must dismiss this claim because Plaintiff bears the burden of supporting his allegations that

11  payments were misapplied.  Mot. at 8.

12         Plaintiff does not respond to LSF10's argument; instead, he seeks leave to allege "pertinent

13  facts" to support his claim for breach of good faith and fair dealing.  Opp'n at 7.  Because Plaintiff

14  acknowledges the deficiencies in his claim, the court grants LSF10's motion to dismiss on this

15  point.

16                        **4.      Business & Professions Code § 17200**

17         Section 17200 prohibits unfair competition, which is defined as, *inter alia,* "any unlawful,

18  unfair or fraudulent business act or practice."  Cal. Bus. Prof. Code § 17200.  Because section

19  17200 "is written in the disjunctive, it establishes three varieties of unfair competition—acts or

20  practices which are unlawful, or unfair, or fraudulent...."  *Cel–Tech Communications, Inc. v. Los*

21  *Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).  To state a claim under the unlawful

22  prong, a plaintiff must allege facts that show that any of a defendant's business practices—or

23  conduct which can be characterized as a business practice—violates the law, meaning any civil or

24  criminal, federal, state or municipal, statutory, regulatory, or court-made law.  *California v.*

25  *McKale*, 25 Cal. 3d 626, 632 (1979).  Conduct is "fraudulent" if it is likely to deceive any member

26  of the public.  *Weinstat v. Dentsply Int'l., Inc.*, 180 Cal. App. 4th 1213 n. 8 (2010).  Whether a

27  business practice is "unfair" requires an analysis of whether (i) there exists substantial consumer

28  injury, (ii) the injury is not outweighed by countervailing benefits to consumers or competition,

1    and (iii) the injury was not reasonably avoidable by the consumer.  *Camacho v. Auto. Club of So.*

2    *Cal.,* 142 Cal. App. 4th 1294, 1403 (2006).

3         Before reviewing the merits of Plaintiff's claim, the court addresses whether he has

4    standing to sue under the UCL.  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49,

5    81 (2013).  To have standing, a private plaintiff must allege he or she "has suffered injury in fact

6    and has lost money or property."  Cal. Bus. Prof. Code § 17204.  In *Kwikset Corp. v. Superior*

7    *Court,* the California Supreme Court held that to satisfy the standing requirement of Section

8    17204, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to

9    qualify as injury in fact, i.e., *economic injury,* and (2) show that that economic injury was the

10   result of, i.e., *caused by* the unfair business practice or false advertising that is the gravamen of the

11   claim."  51 Cal. 4th 310, 322 (2011) (emphasis in original).  A UCL claim will survive a motion to

12   dismiss based on standing if the plaintiff can plead "general factual allegations of injury resulting

13   from the defendant's conduct."  *Id.* at 327.

14        In its Order on LSF10's First Motion to Dismiss, the court held that "[b]ecause Plaintiff

15   does not dispute LSF10's assertion that he defaulted on the loan or offer any other theory of

16   causation, his allegations do not suffice to meet the standing requirement."  Order on LSF10's

17   First Motion to Dismiss at 9.  The FAC's allegations under this claim are identical to those in the

18   complaint.  *Compare* Compl. ¶¶ 38-41, with FAC ¶¶ 37-40.  Specifically, Plaintiff asserts that

19   Defendants violated the unfair, unlawful, and fraudulent prongs of the UCL by 1) failing to use

20   reliable and competent evidence when recording title documents in violation of California Civil

21   Code § 2924.17, 2) purposely exposing Plaintiff to additional unnecessary fees, charges, and

22   penalties, and 3) engaging in "unethical, unscrupulous, and substantively injurious" loan practices.

23   FAC ¶¶ 39-40; Compl. ¶ 40-41.  Plaintiff further alleges that "[a]s a result of Defendants'

24   wrongful conduct, Plaintiff has suffered the loss of his home which is the ultimate draconian

25   result[]."  FAC ¶ 40; Compl. ¶ 41.

26        Because the allegations in the FAC do not diverge from or supplement those in the original

27   complaint, they similarly fail to allege that the loss of Plaintiff's home was caused by LSF10's

28   conduct.  Plaintiff's conclusory statement in his opposition brief that he has adequately pleaded

United States District Court
Northern District of California

7

1   that "these losses are directly caused by acts of the Defendants" does not cure the deficiencies the

2   court previously found in his pleadings.  *See* Opp'n to LSF10's Mot. at 7 (citing FAC ¶¶ 37-40).

3          Likewise, Plaintiff's repeated reliance on *Daro v. Superior Court*, 151 Cal. App. 4th 1079

4   (2007) is unavailing.  *See* Opp'n at 8.  In *Daro*, the court found that plaintiffs had not sufficiently

5   alleged a causal connection between the owners' allegedly unlawful, unfair, or fraudulent conduct

6   and the plaintiffs' economic injury, which was "illustrated by the fact that the tenants would suffer

7   the same injury regardless of whether the owners complied with or violated the Subdivided Lands

8   Act.  Indeed, even if the owners fully complied with the trial court's injunction, the tenants would

9   still face eviction."  *Daro*, 151 Cal. App. 4th at 1099.  As the court explained in its Order on

10  LSF10's First Motion to Dismiss, *Daro* does not support Plaintiff's position.  Order on LSF10's

11  First Motion to Dismiss at 9.

12         Because Plaintiff does not offer any theory of causation, his allegations do not meet the

13  standing requirement.  Accordingly, Plaintiff's UCL claim is dismissed.

14         **B.     Caliber's Motion to Dismiss[3]**

15                **1.    Wrongful Foreclosure**

16         As previously stated, Plaintiff alleges that the notice of default was defective because

17  Caliber, as servicer of the deed of trust, failed to contact Plaintiff 30 days prior to filing the notice.

18  FAC ¶ 25 (citing California Civil Code § 2923.55).  Caliber moves to dismiss this claim on three

19  grounds.  First, it argues that because the allegation sounds in fraud, it triggers Federal Rule of

20  Civil Procedure 9(b)'s heightened pleading standard.  Caliber's Mot. at 3.  Second, it contends that

21  a claim under section 2923.55 cannot serve as the basis for a wrongful foreclosure where the

22  property at issue has already been sold.  *Id.* (citing *Mabry v. Superior Court*, 185 Cal. App. 4th

23  208, 235 (2010)).  Third, Caliber asserts that Plaintiff fails to meet the third element of a wrongful

24  foreclosure claim – that he tendered the amount of the loan or was excused from tendering.

25  _____

26  [3] Caliber requests that the court take judicial notice of two exhibits in support of its motion to dismiss Plaintiff's FAC.  [Docket No. 50-2 ("RJN").]  The first exhibit is a substitution of trustee dated February 21, 2020, naming Trustee Corps as the trustee for the Property.  *Id.* at 1.  The
27  second exhibit is a deed of trust memorializing the loan from Ameriquest to Plaintiff and Liza Mendoza.  *Id.* at 2.  Because the court does not rely on these documents in deciding Caliber's
28  motion to dismiss, the request is denied as moot.

United States District Court
Northern District of California

1  Caliber's Mot. at 4.

2     In his opposition brief, Plaintiff concedes that the only remedy for a violation of section

3  2923.55 is postponement of a sale before it happens.  Opp'n to Caliber's Mot. at 5.  He asks for

4  leave to amend to remove "his reliance on section 2923.5 (sic)" and allege instead "with

5  particularity the circumstances constituting fraud and mistake under Rule 9(b) standards."  *Id.*

6  Plaintiff also argues that his failure to tender the balance of the loan does not prevent him from

7  asserting a wrongful foreclosure claim.  *Id.* at 5-7.

8     For the reasons previously discussed, Plaintiff's wrongful foreclosure claim is dismissed.

9  Because the court finds that Plaintiff does not adequately plead the first element of a wrongful

10  foreclosure claim, it does not reach Caliber's subsequent arguments.

### 2.     California Civil Code § 2923.55

12     Plaintiff concedes that his second claim for violation of section 2923.55 should be

13  dismissed.  Opp'n to Caliber's Mot. at 7.  Accordingly, that claim is dismissed.

### 3.     Breach of Implied Covenant of Good Faith and Fair Dealing

15     Plaintiff concedes this his third claim for breach of the implied covenant of good faith and

16  fair dealing should be dismissed.  Opp'n to Caliber's Mot. at 7.  Accordingly, the court dismisses

17  this claim.

### 4.     Business & Professions Code § 17200

19     Caliber also moves to dismiss Plaintiff's claim under section 17200.  Caliber's Mot. at 7.

20  In response, Plaintiff proffers the same allegations and arguments as those in his opposition to

21  LSF10's motion to dismiss.  *Compare* Opp'n to Caliber's Mot. at 7-8, *with* Opp'n to LSF10's

22  Mot. at 7-8.

23     For the reasons previously discussed, Plaintiff's allegations do not suffice to meet the

24  standing requirement under section 17200.  Accordingly, Plaintiff's UCL claim is dismissed.

## IV.   CONCLUSION

26     LSF10 and Caliber's motions to dismiss are granted.  Plaintiff was previously granted

27  leave to amend, but his amendments failed to cure the deficiencies in his complaint.  Plaintiff has

28  not suggested any additional facts he could allege if afforded an opportunity to amend his claims

for violations of California Civil Code § 2923.55 and Business & Professions Code § 17200.  The court finds that further attempts at amendment to those claims would be futile and dismisses them with prejudice.

As to the remaining claims for wrongful foreclosure and breach of good faith and fair dealing, Plaintiff asserts that he can allege additional facts.  Although Plaintiff was previously granted leave to amend these claims, his counsel has since withdrawn from the case and Plaintiff is now self-represented.  [*See* Docket No. 61.]  Under these circumstances, the court finds that amendment to these two claims would not necessarily be futile and dismisses them with leave to amend.  Accordingly, the court grants Plaintiff one final opportunity **to plead his best case** in a second amended complaint ("SAC") by **September 25, 2023**.  If Plaintiff chooses to file a SAC, he must address the deficiencies identified in this order as to his claims for wrongful foreclosure and breach of good faith and fair dealing; he may not re-plead any claim that has been dismissed with prejudice.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/pro-se-litigants, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: August 23, 2023

_____
DONNA M. RYU
Chief Magistrate Judge

United States District Court
Northern District of California